IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>DAKOTA WILLIAMS,<br><br>                    Debtor. | Chapter 13<br>Case No. 12-11766-BLS<br><br>**Objections due by: 01/21/2014, 4:00 p.m.**<br>**Hearing Date: 01/28/2014, 10:00 a.m.** |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

      VOLT 2012-RPL2 Asset Holdings Trust, by Caliber Home Loans, Inc., solely in its capacity as servicer ("Movant"), by its undersigned counsel, Atlantic Law Group, LLC, files this motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a) (the "Automatic Stay") to exercise its non-bankruptcy rights and remedies against a parcel of real property located at 240 Bucktail Drive, Middletown, Delaware 19709 (the "Property") and in support hereof states as follows:

      1.      This proceeding in which Movant seeks relief under 11 U.S.C. § 362(d) is a contested matter within the meaning of Fed. R. Bankr. P. 4001 and 9014. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and (b)(2)(O). Venue is proper pursuant to 28 U.S.C. § 1409(a).

      2.      On June 8, 2012, (the "Petition Date"), Dakota Williams ("Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. Michael B. Joseph (the "Trustee") was appointed to serve as Chapter 13 trustee over the above-captioned bankruptcy estate(s).

      3.      On or about March 10, 2006, the Debtor executed and delivered to The CIT Group/Consumer Finance, Inc. a promissory note (the "Note") in the amount of THREE

*Loan Number: XXXXXX8145*
*240 Bucktail Drive*
*Middletown, Delaware 19709*
*Reference: ALG#544290*

HUNDRED SIXTY-ONE THOUSAND SEVEN HUNDRED EIGHTY-FOUR AND 00/100 DOLLARS, plus interest at the rate of 8.50% per annum, attorneys' fees, costs and late charges to be paid over thirty years. A copy of the Note is attached hereto as **Exhibit A** and incorporated herein.

4. To secure the repayment of the sums due under the Note, the Debtor executed and delivered to Mortgage Electronic Registration Systems, Inc., nominee for The CIT Group/Consumer Finance, Inc. a mortgage, deed of trust, or comparable instrument of security on the Property dated March 10, 2006. A copy of the Mortgage is attached as **Exhibit B** and incorporated herein.

5. The Mortgage and Note were later transferred to Movant and Movant is the holder of the Mortgage and Note. Copies of the Assignment of Mortgage are attached hereto as **Exhibit C** and incorporated herein.

6. The Debtor failed to make post-petition payments due under the Note for 10 months (February 2013 through November 2013 ) and is in arrears for a total amount of $18,097.16, plus applicable late charges, attorneys' fees, and costs for which the Debtor ise liable under the Note.

7. There remains an unpaid principal balance of $251,909.01 under the Note (less amounts held in suspense), a detailed breakdown of which is set forth in the Affidavit Of Indebtedness In Support Of Motion For Relief From The Automatic Stay (the "Affidavit"), a copy of which is attached hereto as **Exhibit D**. Interest continues to accrue on the unpaid balance under the Note at the per-diem rate of $42.13 per day, as stated in the Affidavit.

8. According to the opinion[1] of a broker qualified to sell real property in the region in which the Property is located, or according to the most recently conducted tax valuation, the Property is worth approximately $425,000.00, before deducting costs of sale, broker's fees, and other fees that might be incurred in the liquidation of the Property, and this is Movant's good-faith estimate of the value of the Property before deducting such costs and fees. A copy of the BPO is attached hereto as **Exhibit E** and incorporated herein.

9. The Note is now in default, and Movant seeks to exercise certain of its non-bankruptcy rights and remedies with respect to the Note, including but not limited to enforcement of its rights against the Mortgage. A history of payments received from the Debtor after the Petition Date is attached hereto as **Exhibit F**.

10. Upon information and belief, the Debtor and the Trustee have no equity in the Property after accounting for Movant's claims, costs of sale, and any other liens that may exist.

11. Because there is no equity in the Property and the Property is not necessary for an effective reorganization, relief from the automatic stay is appropriate under § 362(d)(2) of the Bankruptcy Code to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage.

12. Moreover, based upon information and belief, any equity cushion in the Property is insufficient to assure that, due to fluctuations in the value of the Property and continuing accruals under the Note, the Movant will remain secured.

13. Upon information and belief, the value of the Property is decreasing, or not increasing at the same rate as the indebtedness under the Note is increasing. Therefore, Movant's interest in the Mortgage is not adequately protected.

---

[1] The opinion of this broker may not qualify as a formal appraisal in accordance with applicable law.

-3-

14. Movant does not know whether the Property, including but not limited to Movant's interest in the Mortgage, is properly insured. Therefore, Movant's interest in the Mortgage is not adequately protected.

15. Movant does not know whether the Obligor is properly maintaining the physical premises of the Property. Therefore, Movant's interest in the Mortgage is not adequately protected.

16. A continued stay of Movant's action against the Property will cause Movant significant prejudice.

17. Therefore, cause exists to terminate the Automatic Stay to permit Movant to exercise its non-bankruptcy rights and remedies with respect to the Mortgage pursuant to § 362(d)(1) of the Bankruptcy Code.

18. Movant believes that this motion will be unopposed or entered upon consensual terms. A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, Movant is seeking relief from the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

-5-

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an order granting Movant relief from the Automatic Stay to enable Movant to exercise its non-bankruptcy rights and remedies with respect to the Property, including but not limited to foreclosure of the Mortgage, and granting such other and further relief as this court deems just and proper.

Dated:  November 25, 2013
       Wilmington, Delaware

Respectfully submitted,

ATLANTIC LAW GROUP, LLC


 /s/  Michelle Berkeley-Ayres
Michelle Berkeley-Ayres (DE No. 4635)
Atlantic Law Group, LLC
913 North Market Street, Suite 1011
Wilmington, Delaware 19801
302-339-8800 telephone
302-213-0043 facsimile
*Attorneys for Movant*