IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

DAKOTA WILLIAMS,

Debtor.

Case No. 12-11766-BLS
(Chapter 13)

Ref. Docket No. 90

## CONSENT ORDER MODIFYING AUTOMATIC STAY

Upon consideration of the Motion for Relief from Automatic Stay ("Motion") filed by VOLT 2012-RPL2 Asset Holdings Trust, by Caliber Home Loans, Inc., solely in its capacity as servicer ("Movant"), any responses thereto, the consent of the Debtor having been given, and good cause having been shown; and

WHEREAS, on or about October 21, 2004, the Debtor executed and delivered to The CIT Group/Consumer Finance, Inc. a promissory note (the "Note") in the amount of THREE HUNDRED SIXTY-ONE THOUSAND SEVEN HUNDRED EIGHTY-FOUR AND 00/100 DOLLARS, plus interest at the rate of 8.50% per annum, attorneys' fees, costs and late charges to be paid over thirty years; and

WHEREAS, to secure the repayment of the sums due under the Note the Debtor executed and delivered to Mortgage Electronic Registration Systems, Inc., nominee for The CIT Group/Consumer Finance, Inc. a mortgage, deed of trust, or comparable instrument of security on the Property dated October 21, 2004, more particularly described in the Mortgage which has the address of 240 Bucktail Drive, Middletown, Delaware 19709 (the "Property"); and

WHEREAS, the Mortgage and Note were later transferred to Movant and Movant is the holder of the Mortgage and Note; and

544290

**WHEREAS**, the Debtor has failed to make ten (10) post-petition payments in the amount of $1,788.74 each for the months of May 2013 through February 2014 and is in arrears post-petition for $18,097.31 which amount includes a suspense credit in the amount of $366.09 and $576.00 representing court costs and attorneys fees incurred by Movant in filing its Motion for Relief from Automatic Stay; and

**WHEREAS**, the parties desire to resolve this matter without the risks and costs of litigation.

It is this _____ day of _____, 2014 by the United States Bankruptcy Court for the District of Delaware,

**ORDERED**, that the automatic stay is modified provided the Debtor performs under the Note and complies with all of the following terms and conditions:

(a) Debtor shall cure the arrearage through the confirmation of a Modified Chapter 13 Plan to include the post petition arrears in the amount of $18,097.31; and

(b) Debtor shall resume making regular monthly mortgage payments in the amount of $1,788.74 subject to adjustment for taxes and insurance as due under the Note beginning on March 1, 2014 and shall timely make all subsequent payments required pursuant to the Note until the Note is paid in full; and

(c) All payments shall be sent directly to:

>    Caliber Home Loans, Inc.
>    P.O. Box 24330
>    Oklahoma City, OK 73124

And it is further

544290

ORDERED, that if the plan is not modified and if any of the payments described herein are not timely made within the six (6) months of the date of this Order, then Movant may file with the Court and serve a Notice of Non-Compliance to Debtor's last known address; Debtor's counsel; and to the Chapter 13 Trustee at the address shown hereunder and Debtor shall have fifteen (15) days to cure. If after fifteen (15) days from the Notice, the cure has not been tendered and accepted, then Movant may file with the Court a Notice of Intent to Foreclose with service to the parties delineated herein and without further notice or order of this Court the stay shall terminate and Movant is authorized to exercise its legal rights under applicable law as to the property within fifteen (15) days; and it is further

ORDERED, that in the event that the Automatic Stay is terminated, the Chapter 13 Trustee shall be relieved of any and all obligation to cure the proof of claim arrearage due to Movant, its successors or assigns; and it is further

ORDERED, that the Movant shall file with this court an Amended Proof of Claim for the deficiency payment from the sale of collateral within 120 days from the date of the entry of the Order Terminating Automatic Stay or be barred from filing such claim; and it is further

ORDERED, that to the extent this case is dismissed, discharged, converted to a case under Chapter 7 or closed and payments on the Note are not contractually current, Movant shall be permitted to exercise its legal rights under applicable law with respect to the Property.

BY THE COURT:

_____
U.S. Bankruptcy Court Judge

WE ASK FOR THIS:

544290

_____
Michelle Berkeley-Ayres (DE No. 4635)
Atlantic Law Group, LLC
913 North Market Street, Suite 1011
Wilmington, Delaware 19801
302-339-8800 telephone
302-213-0043 facsimile
Attorneys for Movant

_____
Mark M. Billion (DE No. 5263)
Billion Law
922 New Road
2nd Floor
Wilmington, DE 19805
Attorney for the Debtor

_____
Michael B. Joseph, Esquire
824 Market Street
P.O. Box 1351
Wilmington, DE 19899-1351
Chapter 13 Trustee  2-26-14

544290